Kevin M. Welch (SBN: 254565)
The Law Office of Kevin M. Welch
P.O. Box 494
Hermosa Beach, CA 90254
Kevin@kmwlawoffice.com
Tel. 310-929-0553
Fax: 310-698-1626

Zeynel M. Karcioglu (*pro hac vice* pending)
Of Counsel to Jacobs & Burleigh LLP
445 Park Avenue 17th Fl.
New York, NY 10022
zmk@jacobsburleigh.com
Tel. 212-207-8787
Fax. 212-207-8727

Attorneys for Defendant
ROSS STORES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DVISION

| | |
|---|---|
| STAR FABRICS, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>WINGS MANUFACTURING CORPORATION, et. al.,<br><br>   Defendants. | No. CV10-4678-CAS (RZx)<br><br>**ANSWER TO COMPLAINT BY DEFENDANT ROSS STORES, INC.**<br><br>Hon. Christina A. Snyder<br><br>**TRIAL DATE:** None Set |

Defendant Ross Stores Inc. ("Ross") hereby answers the Complaint of Plaintiff Star Fabrics, Inc., by and through its attorney Kevin M. Welch, and in doing so, denies the allegations set forth in the Complaint, and demands proof of such allegations at trial except as specifically stated below.

///

///

///

ANSWER TO COMPLAINT

~ 1 ~

## JURISDICTION AND VENUE

1. The allegations contained within the Introduction and Paragraph 1 of the Complaint are primarily argumentative and/or include a legal conclusion rather than facts alleged, and thus Defendant ROSS is not required to admit or deny such statement. To the extent necessary, ROSS admits the allegations contained within Paragraph 1 of the Complaint, and denies the allegations set forth in the Introduction as they might apply to this action.

2. The allegations contained within Paragraph 2 of the Complaint are primarily argumentative and/or include a legal conclusion rather than facts alleged, and thus ROSS is not required to admit or deny such statements. Furthermore, ROSS is without knowledge or information sufficient to admit or deny the truth of the allegations contained within Paragraph 2 of the Complaint as they apply to other defendants and therefore denies such allegations, and demands proof of such allegations at trial. ROSS does not challenge the jurisdiction of this court for purposes of this action.

3. The allegations contained within Paragraph 3 of the Complaint are primarily argumentative and/or include a legal conclusion rather than facts alleged, and thus ROSS is not required to admit or deny such statements. Furthermore, ROSS is without knowledge or information sufficient to admit or deny the truth of the allegations contained within Paragraph 3 of the Complaint as they apply to other defendants and therefore denies such allegations, and demands proof of such allegations at trial. ROSS does not challenge the jurisdiction of this court for purposes of this action.

4. ROSS admits that venue in this judicial district is proper, and denies the further allegations in Paragraph 4 of the Complaint.

5. ROSS is without knowledge or information sufficient to admit or deny the truth of the allegations contained within Paragraph 5 of the Complaint and therefore denies such allegations and demands proof of such allegations at trial.

1	6.	ROSS admits that it is a corporation organized and existing under the laws of Delaware, and admits that it has a place of business at the address set forth in Paragraph 6 of the Complaint. ROSS further admits that it sells and offers for sale apparel in the United States. Otherwise, ROSS denies the allegations set forth in Paragraph 6 of the Complaint.

7.	ROSS is without knowledge or information sufficient to admit or deny the truth of the allegations contained within Paragraph 7 of the Complaint.

8.	ROSS is without knowledge or information sufficient to admit or deny the truth of the allegations contained within Paragraph 8 of the Complaint and therefore denies such allegations and demands proof of such allegations at trial.

9.	ROSS is without knowledge or information sufficient to admit or deny the truth of the allegations contained within Paragraph 9 of the Complaint and therefore denies such allegations and demands proof of such allegations at trial.

## CLAIMS RELATED TO SUBJECT DESIGN

10.	ROSS denies all allegations contained within Paragraph 10 of the Complaint, including the validity and admissibility of the document attached as Exhibit A, and demands proof of such allegations at trial.

11.	ROSS denies the truth of the allegations contained in Paragraph 11 of the Complaint, and demands proof of such allegations at trial.

12.	ROSS denies the truth of the allegations contained in Paragraph 12 of the Complaint.

13.	ROSS denies all allegations set forth in Paragraph 13 of the Complaint, including the validity and admissibility of the document attached as Exhibit B, and demands proof of such allegations at trial. ROSS does admit that it has sold and offered for sale goods that Plaintiff alleges to be infringing in this action.

///

14. ROSS denies all allegations set forth in Paragraph 14 of the Complaint, and demands proof of such allegations at trial. ROSS does admit that it has sold and offered for sale goods that Plaintiff alleges to be infringing in this action.

15. ROSS admits that Plaintiff issued a cease and desist letter to it, which letter speaks for itself; ROSS denies all other allegations set forth in Paragraph 15 of the Complaint and demands proof of such allegations at trial.

16. ROSS admits that Plaintiff sent ROSS a letter, which letter speaks for itself, and denies all further allegations set forth in Paragraph 16 of the Complaint.

17. ROSS admits that Plaintiff sent a demand letter to it, which letter speaks for itself. ROSS is without knowledge or information sufficient to admit or deny the truth of the further allegations contained within Paragraph 17 of the Complaint, and denies the allegations therein, and demands proof of such allegations by Plaintiff at trial.

18. ROSS is without knowledge or information sufficient to admit or deny the truth of the further allegations contained within Paragraph 18 of the Complaint, and denies the allegations therein, and demands proof of such allegations by Plaintiff at trial.

19. ROSS is without knowledge or information sufficient to admit or deny the truth of the further allegations contained within Paragraph 19 of the Complaint, and denies the allegations therein, and demands proof of such allegations by Plaintiff at trial.

20. ROSS is without knowledge or information sufficient to admit or deny the truth of the further allegations contained within Paragraph 20 of the Complaint, and denies the allegations therein, and demands proof of such allegations by Plaintiff at trial.

21. ROSS is without knowledge or information sufficient to admit or deny the truth of the further allegations contained within Paragraph 18 of the Complaint,

and denies the allegations therein, and demands proof of such allegations by Plaintiff at trial.

22. ROSS denies all allegations set forth in Paragraph 22 of the Complaint, and demands proof of such allegations at trial.

## FIRST CLAIM FOR RELIEF
**(For Copyright Infringement – Against All Defendants and each of them)**

23. ROSS repeats and reincorporates by reference its responses to Paragraphs 1-22 of the Complaint, as such responses correspond to Plaintiff's allegations.

24. ROSS denies the allegations set forth in Paragraph 24 of the Complaint.

25. ROSS denies the truth of the allegations contained in Paragraph 25 of the Complaint.

26. ROSS denies the allegations contained in Paragraph 26 of the Complaint.

27. ROSS admits that it sells garments, and denies the further allegations contained in Paragraph 27 of the Complaint.

28. ROSS denies the allegations set forth in Paragraph 28 of the Complaint.

29. ROSS is without knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 29 of the Complaint, and denies all allegations therein, and demands proof of such allegations at trial. ROSS admits that it did not have the express written permission, license or consent of Plaintiff to engage in any activity, but ROSS denies the express or implicit assertion that it needed any such permission, license or consent.

30. ROSS denies the allegations set forth in Paragraph 30 of the Complaint.

31. ROSS denies the allegations set forth in Paragraph 31 of the Complaint.

32. ROSS denies the allegations set forth in Paragraph 32 of the Complaint.

33. ROSS denies the allegations set forth in Paragraph 33 of the Complaint.

34. ROSS denies the allegations set forth in Paragraph 34 of the Complaint.

35. ROSS denies the allegations set forth in Paragraph 35 of the Complaint.

36. ROSS denies the allegations set forth in Paragraph 36 of the Complaint.

37. ROSS denies the allegations set forth in Paragraph 37 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

38. ROSS repeats and reincorporates by reference its responses to Paragraphs 1-37 of the Complaint, as such responses correspond to Plaintiff's allegations.

39. ROSS denies the allegations set forth in Paragraph 39 of the Complaint.

40. ROSS denies the allegations set forth in Paragraph 40 of the Complaint.

41. ROSS denies the allegations set forth in Paragraph 41 of the Complaint.

///

42. ROSS denies the allegations set forth in Paragraph 42 of the Complaint.

43. ROSS denies the allegations set forth in Paragraph 43 of the Complaint.

44. ROSS denies the allegations set forth in Paragraph 44 of the Complaint.

45. ROSS denies the allegations set forth in Paragraph 45 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(For Breach of Settlement Agreement – Against Defendant Wings Manufacturing Corp.)**

46. ROSS repeats and reincorporates by reference its responses to Paragraphs 1-45 of the Complaint, as such responses correspond to Plaintiff's allegations.

47. ROSS denies the allegations set forth in Paragraph 47-50 and 53-54 of the Complaint, as this Third Claim for Relief does not allege any claim against ROSS.

48. ROSS denies the allegations set forth in Paragraph 51 of the Complaint.

49. ROSS denies the allegations set forth in Paragraph 52 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(For Promissory Fraud – Against Defendant Wings Manufacturing Corp.)**

50. ROSS repeats and reincorporates by reference its responses to Paragraphs 1-49 of the Complaint, as such responses correspond to Plaintiff's allegations.

51. ROSS denies the allegations set forth in Paragraph 55-59 and 61-66 of the Complaint, as this Fourth Claim for Relief does not allege any claim against ROSS.

52. ROSS denies the allegations set forth in Paragraph 60 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for a further response to the Complaint, and as separate affirmative defenses, ROSS alleges the following affirmative defenses:

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

To the extent that any infringement of Plaintiff's work is found in this action, such infringement occurred without ROSS's intent or knowledge, and any infringement is innocent infringement under the meaning of the Copyright Act.

### Third Affirmative Defense

Plaintiff lacks standing to bring this action.

### Fourth Affirmative Defense

This action should be barred or dismissed for lack of subject matter jurisdiction.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate any damages.

### Sixth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because the subject matter upon which this action is based does not contain sufficient original expression on the part of plaintiff to be protected under the Copyright Act.

///

///

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches, waiver and/or estoppel.

### Eighth Affirmative Defense

Plaintiff or its predecessor(s) in interest improperly obtained the registration asserted in this action, and/or have failed to comply with the statutory requirements required by the Copyright Act, rendering any registration asserted in this action defective.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Tenth Affirmative Defense

Any use of the work that is the subject of this case was *de minimis*.

### Eleventh Affirmative Defense

Plaintiff does not own a copyright in the work that is the subject of this litigation.

### Twelfth Affirmative Defense

ROSS has not copied any work owned by Plaintiff.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by its misuse of copyright, should any such copyright exist.

**WHEREFORE**, ROSS prays as follows:

1. That the Complaint be dismissed with prejudice in its entirety;
2. That Plaintiff's prayer for relief be denied in its entirety;
3. That ROSS be awarded its attorney's fees incurred in this action pursuant to 17 U.S.C. § 505;
4. That ROSS be awarded all of its costs and expenses incurred in this action;

ANSWER TO COMPLAINT
~ 9 ~

5. That a jury try this action;

6. All other relief available to ROSS that the Court may deem just and proper.

Dated: September 3, 2010

BY: /Kevin M. Welch/

**Kevin Matthew Welch**
The Law Office of Kevin M. Welch
P.O. Box 494
Hermosa Beach, CA 90254
(714) 552-8667
Fax: 888 935 2412
Email: mailkevinwelch@yahoo.com

-and-

JACOBS & BURLEIGH LLP
Zeynel Karcioglu, Esq.
445 Park Avenue, 17th Fl
New York, NY 10022
zmk@jacobsburleigh.com
Tel. 212-207-8787
Fax. 212-207-8727

Zeynel Karcioglu, Esq. (*pro hac vice* pending)

Attorneys for Defendant
ROSS STORES, INC.